UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11107-GAO

JESSE WILSON,
Plaintiff,

v.

CAROLYN COLVIN,
Acting Commissioner, Social Security Administration,
Defendant.

OPINION AND ORDER
March 31, 2015

O'TOOLE, D.J.

The plaintiff, Jesse Wilson, seeks an order reversing the decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") benefits. The Commissioner has filed a motion for an order affirming the denial of benefits.

## I.     Procedural Background

On September 23, 2009, Wilson applied for SSI benefits claiming a disability onset date of October 1, 2008. Following a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on July 26, 2011, and Wilson submitted a timely request for the Appeals Council to review the ALJ's decision. While that appeal was pending, Wilson submitted a new application for benefits. This time, Wilson was awarded benefits with an onset date of July 27, 2011, only one day after the initial unfavorable decision. On February 28, 2013, the Appeals Council denied review of the initial decision, explaining

the Appeals Council considered the fact that since the date of the Administrative Law Judge's decision, you were found to be under a disability beginning July 27, 2011, based on the application you filed on March 8, 2012; however, the Council found that this information does not warrant a change in the Administrative Law Judge's decision.

(SSA Admin. R., Ex. 2 at 2 (dkt. no. 12-2).)

Wilson filed an action in this Court on May 4, 2013. He contends that the Appeals Council erred in summarily refusing to consider the subsequent determination that Wilson was disabled and that the ALJ in the first decision should have found him disabled pursuant to the Medical-Vocational Guidelines.

## II.   The Appeals Council's Decision

The Hearings, Appeals, and Litigation Law Manual ("HALLEX") provides that, where a second claim for SSI benefits results in a favorable determination while a prior unfavorable decision is pending review, "the [Appeals Council] will consider the evidence in the subsequent claim to determine whether there is new and material evidence relating to the prior claim." Instructions for Processing Subsequent Disability Claims While a Prior Claim is Pending Review at the Appeals Council, HALLEX Section 1-5-3-17. While the Appeals Council acknowledged the favorable decision, it failed to explain why that decision did not warrant review of the initial determination denying benefits.

The refusal to review an ALJ's decision is reviewable where the Appeals Council "gives an egregiously mistaken ground" for its decision. Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001). Wilson contends that the Appeals Council erred in not providing any basis for discounting the second decision. However, recent actions in the District of Massachusetts suggest that the Appeals Council need not explain its decision, especially where there is no new or material evidence to support a remand. See Nadeau v. Colvin, No. 14-cv-10160-FDS, 2015 WL 1308916, at *10 (D. Mass. Mar. 24, 2015) (declining to remand where evidence was "not new, material, or

contrary to the weight of the other evidence"); Moore v. Astrue, No. 11-cv-11936-DJC, 2013 WL 812486, at *15 (D. Mass. Mar. 2, 2013) ("[T]he fact that the [Appeals Council] neither explicitly rejected nor accepted the evidence does not necessarily justify reversal or remand.").

Wilson never explains what new or material evidence, if any, supported the second decision. Rather, Wilson contends that the mere fact of a favorable decision justifies reversal. But this is not so. For example, in the context of a remand under 42 U.S.C. § 405(g), a subsequent favorable decision, standing alone, does not constitute new evidence and therefore will only warrant remand where the plaintiff makes some additional showing. Gill v. Colvin, No. 13-1792, slip. op. at 5 (1st Cir. Apr. 9, 2014) (finding that claimant has not met his burden of "proving that evidence is new and material" to justify remand under § 405(g) where he submits a subsequent favorable decision); Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 653 (6th Cir. 2009) ("Under sentence six [of § 405(g)], the mere existence of the subsequent decision in [the plaintiff's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding."); Perry v. Astrue, No. 10-cv-11004-DPW, 2012 WL 645890, at *12 (D. Mass. Feb. 27, 2012) (holding that a subsequent favorable decision "does not warrant reversal and remand as 'new' and 'material' evidence" under § 405(g)). Similarly, HALLEX states that the Appeals Council must determine whether a subsequent favorable decision is based on new and material evidence, implying that the decision itself does not constitute such evidence. Wilson does not specify whether he submitted any new medical reports or other data with his second claim and, if so, whether those materials pertain to the same timeframe as the first claim. Instead, Wilson asks this Court to assume that the second decision was based on new and material evidence relating to the relevant timeframe and that the Appeals Council committed an egregious mistake by

disregarding that evidence. Given the "great deference" accorded the Appeals Council's assessment, Mills, 244 F.3d at 6, the Court declines to make such an assumption.

### III.     Medical-Vocational Guidelines

Next, Wilson contends that the first ALJ's finding that he was not disabled was contrary to the Medical-Vocational Guidelines, also known as the Grids. Under 20 C.F.R. § 404.1520(a)(4), the ALJ follows a five-step sequential evaluation process in his disability determination. At the first step, the ALJ gauges the applicant's work activity. 20 C.F.R. § 404.1520(a)(4). At the second and third steps, the ALJ considers the medical severity of his impairments. Id. At step four, the ALJ assesses the applicant's residual functional capacity ("RFC") and whether the applicant can perform past relevant work. Id. The ALJ will generally use one of five possible definitions when determining an individual's RFC: sedentary work, light work, medium work, heavy work, and very heavy work. 20 C.F.R. § 404.1567. At the fifth and final step, the ALJ determines, based on the applicant's RFC, age, education, and work experience, whether he can perform work available in the national and regional economy. 20 C.F.R. § 404.1520(a)(4).

At step four, the ALJ determined that Wilson has an RFC of "light work" with some additional limitations. (SSA Admin. R., Ex. 2 at 16 (dkt. no. 12-2).) Wilson assumes that because his RFC fell between light work and sedentary work, the Medical-Vocational Guidelines for sedentary work should have applied. See 20 C.F.R. § 404, subpart P, appx. 2. Under that guideline, Wilson would have qualified as disabled. However, where an ALJ specifies an intermediate RFC, he is not required to revert to the lowest applicable category in the Medical-Vocational Guidelines. Rather, "when a claimant does not precisely match the criteria set forth in the grids, the grids are not mandated." Haynes v. Barnhart, 416 F.3d 621, 627-28 (7th Cir. 2005);

accord Stephens v. Barnhart, 50 Fed. Appx. 7, 10 (1st Cir. 2002) ("[Where the] RFC would fall between two exertional ranges, . . . the Grids [are] inconclusive.").

After determining Wilson's RFC, the ALJ asked a vocational expert whether occupations are available for an individual with the same characteristics as Wilson. The expert identified only one light unskilled position – cashier – that Wilson could perform, as well as two sedentary unskilled positions. Wilson asserts that one light position is insufficient to show that he is capable of performing "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). However, the query is not how many occupations exist, but whether the identified occupation exists in sufficient numbers regionally and nationally. See Hall v. Bowen, 837 F.2d 272, 274-75 (6th Cir. 1988) (exploring the legislative history and meaning of the "significant numbers" requirement); Cabreja v. Astrue, C.A. No. 11-130-ML, 2012 WL 272746, at *4 (D.R.I. Jan. 27, 2012) ("The plain language of [20 C.F.R. §§] 404.1566(b) and 416.966(b) indicate that it is sufficient if there exists one occupation which the applicant is capable of performing."). In his decision, the ALJ explained that there are 77,410 cashier positions in Massachusetts and 3,439,380 in the national economy. (SSA Admin. R., Ex. 2 at 20 (dkt. no. 12-2).) While courts have declined to adopt a specific quantity for the "significant numbers" threshold, these amounts suffice. See Aho v. Comm'r of Soc. Sec'y Admin., No. 10-cv-40052-FDS, 2011 WL 3511518, at *8 (D. Mass. Aug. 10, 2011) ("It would appear that 100 jobs is sufficient to meet that statutory threshold.").

## **IV.** **Conclusion**

For the reasons stated herein, the plaintiff's Motion for an Order Reversing the Decision of the Commissioner (dkt. no. 21) is DENIED, and the defendant's Motion for an Order Affirming the Commissioner's Decision (dkt. no. 26) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge